UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRKLAND SWAFFORD,<br><br>    Plaintiff,<br><br>    v.<br><br>CIGNA Group Insurance,<br><br>    Defendant. | CASE NO. 1:14-cv-00213-DAD-MJS<br><br>**ORDER FOR SERVICE OF COGNIZABLE CLAIM**<br><br>**(ECF NO. 1)**<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff Kirkland Swafford ("Plaintiff") proceeds pro se in this complaint against defendant CIGNA Group Insurance ("Defendant") for denial of disability benefits. His complaint is before the Court for screening.

**I.    SCREENING REQUIREMENT**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the complaint to determine if it states a cognizable claim. The Court must dismiss a complaint or portion thereof if it determines that the action has raised claims that are legally "frivolous or malicious," "fails to state a claim upon which relief may be granted," or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§ 1915(e)(2)(B). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   PLEADING STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III.   PLAINTIFF'S ALLEGATIONS

Plaintiff is or was employed by Dreyer's Grand Ice Cream, Inc., which maintains disability insurance through Defendant. Plaintiff received disability benefits through Defendant for an unspecified period. On March 22, 2012, Defendant notified Plaintiff that he no longer met the definition of disability stated in the policy, and his claim was closed. Plaintiff submitted documentation to Defendant for review but received another letter, postmarked May 4, 2012, again denying his claim.

Plaintiff disagrees with Defendant's determination. He contends that Defendant reviewed the opinion of only one doctor, but Plaintiff is seeing multiple doctors. He asks that the Court evaluate his claim and determine whether he should remain on disability.

## IV.   ANALYSIS

The plaintiff, as the party seeking to invoke the court's jurisdiction, always bears the burden of establishing subject matter jurisdiction. Tosco Corp. v. Communities for

Better Environment, 236 F.3d 495, 499 (9th Cir. 2001). Here, the basis for federal jurisdiction is not entirely clear. However, it appears that the disability policy at issue likely is governed by the Employee Retirement Income Security Act ("ERISA"). ERISA applies broadly to any employee benefit plan established or maintained by an employer engaged in or representing employees engaged in commerce, with delineated exceptions for plans that fall outside of the statute's regulatory and preemptive authority. 29 U.S.C. § 1003. In light of Plaintiff's allegation that his disability plan was provided by his employer, the Court will assume for the purposes of screening that ERISA applies. Based on this assumption, the Court has federal question jurisdiction over Plaintiff's claim. See Aetna Health Inc. v. Davila, 542 U.S. 200, 207-08 (2004).

ERISA's civil enforcement scheme is contained in 29 U.S.C. § 1132(a). Under this provision a plan participant or beneficiary may sue to recover benefits due under the plan, to enforce the participant's rights under the plan, or to clarify rights to future benefits. Here, Plaintiff has set forth the basic elements of an ERISA claim. He is a participant in or beneficiary of a plan that appears to be covered by ERISA. Although he initially was provided benefits under the plan, those benefits ceased when the plan administrator determined that he no longer met the definition of disability under the plan. He seeks a determination by the Court regarding his eligibility for benefits. Such claims are routinely cognizable under ERISA. E.g., Hamma v. Intel Corp., 642 F. Supp. 2d 1144 (E.D. Cal. 2009); Finley v. Carpenters Pension Trust Fund for N. Cal., No. 2:13-cv-1132-GEB-EFB PS, 2016 WL 1060169 (E.D. Cal. Mar. 17, 2016), adopted in full, 2016 WL 1452046 (E.D. Cal. April 13, 2016).

**V.    CONCLUSION AND ORDER**

Plaintiff's complaint alleges a cognizable ERISA claim against Defendant. Accordingly, it is HEREBY ORDERED that:

1.    Service shall be initiated on the following Defendant:

**CIGNA GROUP INSURANCE**

2. The Clerk of the Court shall send Plaintiff one USM-285 form, one summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the complaint filed February 18, 2014;

3. Within thirty (30) days from the date of this order, Plaintiff shall complete and return to the Court the Notice of Submission of Documents along with the following documents:

   a. One completed summons for the Defendant listed above,

   b. One completed USM-285 form for the Defendant listed above,

   c. Two (2) copies of the endorsed complaint filed February 18, 2014;

4. Plaintiff need not attempt service on Defendant and need not request waiver of service. Upon receipt of the above-described documents, the Court shall direct the United States Marshal to serve the above-named Defendant pursuant to Federal Rule of Civil Procedure 4 without payment of costs; and

5. If Plaintiff fails to comply with this order, the undersigned will recommend dismissal of this action.

IT IS SO ORDERED.

Dated:   June 1, 2016                    /s/ *Michael J. Seng*
                                         UNITED STATES MAGISTRATE JUDGE